UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **BERNADETTE SCOTT,**<br>**Individually**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**SENOR TACOS LLC**<br>**A Domestic Limited Liability Company** | Case No. 2:24-cv-12026 |

## COMPLAINT

Plaintiff, Bernadette Scott (hereinafter "Plaintiff"), hereby sues the Defendant, Senor Tacos, LLC, a domestic Limited Liability Company (hereinafter referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.　This action is brought by Bernadette Scott pursuant to the enforcement provision of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"),

MCL 37.1101 *et. seq.*, against the owners and/or operators of the Senor Taco restaurant.

2.  This Court has jurisdiction pursuant to the following statutes:

    a.  28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

    b.  28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

    c.  28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.  Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.  Plaintiff Bernadette Scott is a resident of Genesee County, Michigan, is paraplegic, is confined to a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1047.

5. Plaintiff Bernadette Scott is substantially limited in performing one or more major life activities, including but not limited to, walking.

6. Plaintiff Bernadette Scott, on several occasions, has been to the Senor Taco restaurant at 223 Cesar Chavez Ave., Pontiac, Michigan.

7. Plaintiff Bernadette Scott was a patron at the Senor Taco restaurant in February 2023. She intends to return in August 2024.

8. Senor Taco restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9. Defendant owns, leases, leases to, or operates Senor Taco restaurant and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff has visited the property which forms the basis of this lawsuit, has been back to the property since then, and has plans to return on a regular basis to avail herself of the goods and services offered to the public at the property.

12. There are numerous architectural barriers present at Senor Taco restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements,

and spaces of Senor Taco restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13. Elements and spaces to which there are barriers to access at Senor Taco restaurant include, but are not necessarily limited to:

    a. There are no access aisles at the designated accessible parking spaces for a disabled individual to use.

    b. The signs indicating where the designated accessible parking is located are too low.

    c. The designated accessible parking spaces are excessively sloped and creates a hazard for a disabled individual in a wheelchair.

    d. The designated accessible parking spaces are in disrepair and create a hazard to a disabled individual in a wheelchair.

    e. There is an excessively high threshold at the entrance door that creates a hazard to a disabled individual in a wheelchair.

    f. There is no lowered counter for a disabled individual in a wheelchair to utilize.

14. The discriminatory violations described in paragraph 13 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits

of, services, programs and activities of the Defendant's building and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

15. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, the opportunity to use such elements, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

16. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Bernadette Scott has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Bernadette Scott personally encountered.

17. Defendants' failure to remove the architectural barriers identified in paragraph thirteen (13) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

18. It would be readily achievable for the Defendant to remove the architectural barriers identified above and to modify their policies of discrimination.

19.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

21.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

22. Bernadette Scott has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendant.

23. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

24. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the

property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

27. Plaintiff realleges paragraphs one (1) through twenty-six (26) of this Complaint and incorporates them here as if set forth in full.

28. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

29. Plaintiff has desired and attempted to enjoy the goods and services at the property as a customer and patron. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

30. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## PRAYER FOR RELIEF

32. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i.    by failing to bring Senor Taco restaurant into compliance with the Standards where it is readily achievable to do so; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

      ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C. Award damages to Bernadette Scott who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E. Order such other appropriate relief as the interests of justice may require.

                Respectfully Submitted,

                By: /s/ Pete M. Monismith_____
                Pete M. Monismith, Esq.
                3945 Forbes Ave., #175
                Pittsburgh, PA 15213
                Ph: 724-610-1881
                Fax: 412-258-1309
                Pete@monismithlaw.com
                MI Bar P78186